**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PEDRO MORALES-JOSE,

      Petitioner,

v.                                                                Case No. 3:26-cv-677-TJC-SJH

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

      Respondents.

_____

**O R D E R**

On March 28, 2026, Petitioner Pedro Morales-Jose, an immigration detainee at Baker County Detention Center, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1; Petition). The Federal Respondents filed a Response. (Doc. 7; Response). Respondent Warden, Baker County Detention Center filed a Motion to Dismiss the Petition. (Doc. 6).

On May 7, 2026, Petitioner filed a Notice of Supplemental Authority, arguing that the recent Eleventh Circuit decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026) controls and "compels the conclusion that Petitioner is governed by § 1226(a) and entitled to an individualized bond hearing." (Doc. 9; Supplemental Notice). This case is ripe for review.

## I. Background

Petitioner, a citizen of Mexico, entered the United States at an unknown date without being admitted, inspected, or paroled. Response at 2. An asylum officer determined that he established a credible fear of persecution, and his case was referred for full removal proceedings before an immigration judge. Petition at 6. He has "significant family ties in the United States, including a U.S. citizen child." Id.

On November 13, 2025, Petitioner was arrested for driving under the influence and driving without a valid driver's license. Response at 2. In 2018, he was also arrested for driving without a valid driver's license. Id. at 3. Immigration and Customs Enforcement (ICE) took custody of Petitioner in connection with his 2025 arrest and issued a Notice of Rights and Request for Disposition. Id.; Response, Exhibit F.

On December 18, 2025, an immigration judge denied Petitioner's request for a custody redetermination hearing, concluding that he lacked jurisdiction to provide such a hearing under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) because Petitioner is subject to mandatory detention under § 1225(b)(2). Petition, Exhibit C. On February 10, 2026, the immigration judge denied Petitioner's applications for relief and ordered his removal from the United States. Petition at 7. Petitioner timely appealed the removal order to the Board of Immigration Appeals (BIA), which remains pending. Id. Thus, Petitioner's

2

removal order is not yet final. Respondents argue that ICE is detaining him under § 1225(b)(2). Response at 3 et seq.

## II. Analysis

The Petition contains four counts, alleging: (1) Respondents have violated Petitioner's Fifth Amendment procedural due process rights; (2) detention is not reasonably related to its purpose and has become excessive and punitive; (3) even if § 1225 applies, due process requires a meaningful custody determination; and (4) even if § 1231 applies, the Constitution imposes independent limits on the Government's authority to detain. Petition at 9–18. Petitioner now argues that Hernandez Alvarez forecloses the argument that he is properly detained under § 1225. Supplemental Notice at 2. As relief, Petitioner requests that the Court "grant the Petition and order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within seven days." Id. at 3.

The Court rejects Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that he failed to exhaust his administrative remedies prior to filing this case. See, e.g., Orozco Torres v. U.S. Dep't of Homeland Sec., No. 3:26-cv-646-TJC-LLL, 2026 WL 947955, at *2 (M.D. Fla. April 8, 2026); Cardenas Gomez v. Warden Ronnie Woodal, et al., No. 3:26-cv-631-MMH-PDB,

2026 WL 1251693, at *1 (M.D. Fla. May 7, 2026).

Regarding the merits, the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez, 2026 WL 1243395, at *14. Because Petitioner entered the United States without inspection and has been residing here, he is not properly detained under § 1225(b)(2), as Respondents contend. Rather, his detention is governed by § 1226, and he is entitled to an individualized bond hearing before an immigration judge. Id. at *21 ("Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country.").

The Court acknowledges that an immigration judge previously denied Petitioner's request for a bond hearing, concluding that he lacked jurisdiction to provide such a hearing under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). Petition at 7. The immigration judge reached this conclusion by finding that Petitioner's detention is governed by § 1225. Petition, Exhibit C. However, Hernandez Alvarez "forecloses that argument in this Circuit." Supplemental Notice at 2. Therefore, the appropriate remedy is for Respondents to provide Petitioner with a meaningful bond hearing, consistent with the regulations implementing § 1226(a). See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under §

4

1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). If Respondents do not provide Petitioner with a meaningful bond hearing within seven days, he must be released from custody.

Since the Court will grant the Petition because Petitioner is detained under § 1226(a), it does not, and need not, address his other claims and arguments. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").[1]

Accordingly, it is hereby

**ORDERED**:

1. Pedro Morales-Jose's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. No later than **May 19, 2026**, Respondents shall either (1) provide Petitioner with an individualized bond hearing before an immigration judge or (2) release Petitioner from custody.

2. If Respondents provide Petitioner with an individualized bond hearing, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by Petitioner and the factors announced in In re Guerra, 24 I&N Dec. 37 (BIA

---

[1] For example, the Court declines to address Petitioner's due process arguments.

5

2006). Furthermore, Petitioner's counsel must be given **48 hours advance notice** of the hearing (provided his counsel has entered an appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice).

3. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

4. No later than **May 22, 2026**, Respondents shall **FILE** a notice with the Court sharing the result of Petitioner's individualized bond hearing or informing the Court that he has been released from custody.

5. Respondent Warden, Baker County Detention Center's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6) is **DENIED as moot**.

4. The Clerk shall **enter judgment** granting the Petition and **close** the file.

5. The Court **retains jurisdiction** to effectuate this Order.

6

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of May, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

7