**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PEDRO MORALES-JOSE,

     Petitioner,

v.                                                                 Case No. 3:26-cv-677-TJC-SJH

WARDEN, BAKER COUNTY
DETENTION CENTER, et al.,

     Respondents.

## O R D E R

This case was brought by Petitioner Pedro Morales-Jose, an immigration detainee, challenging his detention by Respondents. On May 11, 2026, the Court granted his Petition for Writ of Habeas Corpus based on the recent Eleventh Circuit decision in Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026). (Doc. 10). The Court directed Respondents to either (1) provide Petitioner with an individualized bond hearing before an immigration judge or (2) release Petitioner from custody, no later than May 19. (Id. at 5).

On May 17, Petitioner's counsel filed an Emergency Motion to Enforce [the] Habeas Corpus Order, informing the Court that Respondents conducted a bond hearing on May 14 without notice to Petitioner's counsel. (Doc. 12 at 2). Respondents filed a response and Petitioner replied. (Docs. 14, 15). Upon

consideration of these filings, the Court granted the motion because the May 14 bond hearing did not comply with the Court's May 11 Order. (Doc. 16).

The Court ordered Respondents to provide Petitioner with an individualized bond hearing before an immigration judge no later than May 29; required the hearing and resulting order to reflect consideration of evidence properly submitted by Petitioner and the factors announced in In re Guerra, 24 I&N Dec. 37 (BIA 2006); required Respondents to give written notice of the hearing to Petitioner's counsel 72 hours before it was to occur; and required Respondents to provide Petitioner an opportunity to submit to the immigration court written evidence and a brief no later than 24 hours before the hearing. The Court stated: "**If Respondents fail to provide a bond hearing that complies with these safeguards by May 29, 2026, Respondents must immediately release Petitioner.**" (Doc. 16 at 4) (emphasis in original).

On May 29, Petitioner's counsel filed a Second Emergency Motion to Enforce [the] Habeas Corpus Order, informing the Court that Respondents again failed to conduct a bond hearing that complied with the Court's Order. (Doc. 17 at 1). Petitioner's counsel argues that she did not receive the required advance notice of the hearing, was prevented from submitted evidence or briefing, and the immigration judge's order did not reflect consideration of the In re Guerra factors. Because of these deficiencies, Petitioner requests that the Court order his release.

2

On June 1, the Court directed Respondents to respond to Petitioner's Second Emergency Motion no later than June 3 at noon. Respondents have not filed a response. Because Respondents have on more than one occasion failed to comply with the Court's directives in providing Petitioner with an individualized bond hearing, and now have failed to timely respond to the Court's June 1 Order, the only appropriate remedy is Petitioner's release. Accordingly, it is hereby

**ORDERED**:

1.    Pedro Morales-Jose's Second Emergency Motion to Enforce [the] Habeas Corpus Order (Doc. 17) is **GRANTED**. Respondents shall release Petitioner **no later than June 5, 2026 at noon**. Respondents shall facilitate Petitioner's transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    No later than **June 8, 2026**, Respondents shall **FILE** a notice informing the Court that he has been released from custody.

3.    The Court **retains jurisdiction** to effectuate this Order.

3

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record